IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERY LEE BOSOLD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN, SCI-SOMERSET, ET AL. | : | NO. 11-4292 |

**MEMORANDUM**

**Padova, J.**                                                                                                                            **December 28, 2011**

  Plaintiff Jeffery Lee Bosold brings this action pursuant to 42 U.S.C. § 1983 and state law, alleging violations of his civil rights arising from his incarceration at SCI Somerset. He asserts claims against the Warden of SCI Somerset, the Secretary of the Pennsylvania Department of Corrections, the Secretary of the Pennsylvania Board of Probation and Parole, and an unidentified number of John and Jane Does who are employed at SCI Somerset. The Warden of SCI Somerset, the Secretary of the Pennsylvania Department of Corrections, and the Secretary of the Pennsylvania Board of Probation and Parole (collectively the "Defendants"), have filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6). For the following reasons, the Motion is granted in part and denied in part.

**I. BACKGROUND**

  The Amended Complaint alleges the following facts. On December 29, 2005, Plaintiff Jeffrey Bosold was convicted of statutory sexual assault in the Berks County Court of Common Pleas and was sentenced to six to twenty-three months of imprisonment, followed by three years of probation. (Compl. ¶ 10.) He was released from the Berks County Prison on June 8, 2006. (Id. ¶ 11.) He violated his probation and was sent back to prison on October 24, 2006. (Id. ¶ 12.) One year later, on October 24, 2007, he was resentenced on the probation violation to one to five years of

imprisonment, followed by five years of probation. (Id. ¶ 13.) Plaintiff was again resentenced on the violation on February 25, 2008, this time he was sentenced to one to three years of imprisonment, followed by five years of probation. (Id. ¶ 15.) He was also given credit for 736 days of time served, leaving only 359 additional days of imprisonment on his three year maximum sentence, which should have resulted in a release date no later than February 19, 2009. (Id. ¶¶ 15-16.)

Plaintiff was not released on February 19, 2009. (Id. ¶ 17.) He subsequently filed at least four inmate communication forms to alert Defendants and Employee Doe(s) that he should have been released on February 19, 2009. (Id. ¶ 18.) Defendants failed to take any action in response to these communications and Plaintiff was not released until October 25, 2009. (Id. ¶¶ 19-20.) The Amended Complaint asserts one claim against Defendants and Employee Doe(s) in their individual capacities pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments (Count I) and one claim against Defendants and Employee Doe(s) in their individual capacities for false arrest and false imprisonment under state law (Count II).

Defendants have moved to dismiss the Amended Complaint in its entirety for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this action to the Western or Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Defendants have also moved to dismiss Count I for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss Count II for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1).[1]

---

[1] For reasons which are explained in Section II.B., *infra*, we have analyzed Defendants' Motion as to Count II pursuant to Rule 12(b)(6).

**II.    DISCUSSION**

    A.    <u>Motion to Dismiss or Transfer for Improper or Inconvenient Venue</u>

        1.    <u>Rule 12(b)(3)</u>

Defendants argue that venue is improper in this judicial district because none of them reside here and, therefore, this action should either be dismissed pursuant to Rule 12(b)(3) or transferred to a district in which one or more of them reside. "In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must generally accept as true the allegations in the complaint, although the parties may submit affidavits in support of their positions." <u>Fellner v. Phila. Toboggan Coasters, Inc.</u>, Civ. A. No. 05-2052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005) (citations omitted). "The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor." <u>Id.</u> (citations omitted).

   "The defendant bears the burden of showing that the chosen venue is improper or, in the alternative, that transfer to another district is justified for other reasons." <u>CoActiv Capital Partners, Inc. v. Feathers</u>, Civ. A. No. 08-5506, 2009 WL 1911673, at *1 (E.D. Pa. July 1, 2009) (citations omitted); <u>see also</u> <u>Chester v. Beard</u>, Civ. A. No. 07-4742, 2008 WL 2310946, at *5 (E.D. Pa. June 2, 2008) (citing <u>Fellner</u>, 2005 WL 2660351, at *1). "When a defendant challenges the plaintiff's chosen venue, and [the court] determines that the chosen venue is improper, [the court] must either dismiss the case or transfer it 'to any district or division in which it could have been brought.'" <u>CoActiv</u>, 2009 WL 1911673, at *1 (quoting 28 U.S.C. § 1406(a)).

We have jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, because one of Plaintiff's claims arises under the Constitution and laws of the United States. <u>See</u> 28 U.S.C. § 1331.

Consequently, the venue provisions of 28 U.S.C. § 1391(b) apply in this case:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Defendants argue that venue is improper in the Eastern District of Pennsylvania because the Amended Complaint does not allege that any defendant resides in the Eastern District or that any part of the events or omissions giving rise to Plaintiff's claims took place in the Eastern District. Defendants maintain that the Amended Complaint alleges that all Defendants reside in the Middle or Western District of Pennsylvania. Defendants rely on the Plaintiff's inclusion of Defendant's work addresses in the caption of his Amended Complaint. However, the Amended Complaint does not allege the address of any Defendant's personal residence, nor does it allege the county or district in which any Defendant resides.

Since the Amended Complaint asserts claims against Defendants in their individual capacities, venue is based on their private residences. See Simon v. Ward, 80 F. Supp. 2d 464, 469 (E.D. Pa. 2000) (stating that, where state officials are being sued in their individual capacities for monetary damages, they "reside only in their individual residences for the purpose of ascertaining venue"). Although Defendants have the burden of proving that Plaintiff's chosen venue is improper, CoActiv, 2009 WL 1911673, at *1, they have submitted no evidence that their personal residences are not located in the Eastern District of Pennsylvania. We conclude that Defendants have failed to

4

satisfy their burden of showing that venue is improper in this district. See Simon, 80 F. Supp. 2d at 470 ("Defendants have relied wholly on their argument that [their] residences are their offices, and have made no showing concerning their individual residences. Defendants have not introduced any evidence that none of them reside in the Eastern District of Pennsylvania. Defendants have not met their burden of proving that venue is improper."). Defendants' Motion to Dismiss is, accordingly, denied insofar as to Defendants argue that this action should be dismissed or transferred for improper venue pursuant to Rule 12(b)(3).

        2.      Forum Non Conveniens

Defendants argue, in the alternative, that even if venue is appropriate in this district, this case should be transferred to the Western or Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), because either the Middle or Western District of Pennsylvania would be a more convenient forum than the Eastern District. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The moving party has the burden of establishing that an action should be transferred pursuant to § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). The United States Court of Appeals for the Third Circuit has set forth a number of private and public factors that a court may consider in evaluating a motion to transfer. Id. The private factors are: (1) the plaintiff's choice of venue; (2) the defendants' preference; (3) where the claim arose; (4) the relative physical and financial conditions of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the fora; and (6) the extent to which books and records could not be produced in one of the fora. Id. (citations omitted). The public factors are: (1) "the enforceability of the judgment;" (2) "practical considerations that could

make the trial easy, expeditious, or inexpensive;" (3) court congestion; (4) the local interest in deciding the controversy; and (5) the public policies of the fora. Id. (citations omitted). In the end, "[t]he decision whether to transfer an action pursuant to § 1404(a) lies soundly within this Court's discretion." Hodgson v. Kottke Assocs., LLC, Civ. A. No. 06-5040, 2007 WL 2234525, at *3 (E.D. Pa. Aug. 1, 2007) (citing Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 631-32 (3d Cir. 1989)). However, "the plaintiff's choice of venue should not be lightly disturbed." Jumara, 55 F.3d at 879 (citations omitted).

Plaintiff chose to file suit in the Eastern District of Pennsylvania. The courts ordinarily "defer to a plaintiff's choice of forum." Id. at 880 (citations omitted). Defendants would prefer that this case be transferred to the Western or Middle District of Pennsylvania. However, a plaintiff's choice of forum is entitled to greater deference when, as is the case here, the chosen forum is that in which the plaintiff resides.[2] See Leone v. Cataldo, 574 F. Supp. 2d 471, 485 (E.D. Pa. 2008) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)). The first two private factors thus favor denying Defendants' request to transfer. Although Bosold was sentenced in Berks County, which is located in the Eastern District of Pennsylvania, he was imprisoned at SCI Somerset, where he filed the inmate communications alleged in the Amended Complaint. (Id. ¶¶ 4, 18.) SCI Somerset is located in the Western District of Pennsylvania. Consequently, at least a portion of Plaintiff's claims arose in the Western District of Pennsylvania and the third private factor favors granting the motion to transfer. Neither party has submitted any evidence regarding the remainder of the private and public factors and these factors, therefore, neither favor nor disfavor transfer.

Since Plaintiff's choice of venue should not be lightly disturbed, Jumara, 55 F.3d at 879,

---

[2] Plaintiff resides in Reading, which is within the Eastern District. (Am. Compl., caption.)

we conclude that Defendants have failed to satisfy their burden of establishing that the balance of factors supports transferring this action to either the Middle or Western District of Pennsylvania. Defendants' Motion is, accordingly, denied in so far as they request that this action be transferred to the Middle or Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

  B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants have moved to dismiss Count I pursuant to Rule 12(b)(6) on the ground that the Amended Complaint does not state a claim pursuant to 42 U.S.C. § 1983 upon which relief may be granted. Defendants have also moved to dismiss Count II on the ground that it fails to assert a plausible claim against them for false arrest and false imprisonment because they have sovereign immunity from such claims under state law. While Defendants moved to dismiss Count II for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), this claim is properly analyzed under Rule 12(b)(6).[3]

  1. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol.

---

[3] Defendants argue that Plaintiff's state common law claims for false arrest and false imprisonment are barred by sovereign immunity. In their Memorandum, Defendants claim that their sovereign immunity argument should be analyzed as a lack of subject matter jurisdiction argument pursuant to Federal Rule of Civil Procedure 12(b)(1) because "[a] Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction." (Defs. Mem. at 6-7 (citations omitted).) While that proposition is correct, Defendants rely only on state law to support their argument that Plaintiff's state law claims are barred by sovereign immunity. Since Defendants have not raised their sovereign immunity defense pursuant to the Eleventh Amendment, we have analyzed their argument pursuant to Rule 12(b)(6), not Rule 12(b)(1).

Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

        2.     Count I of the Amended Complaint

Count I of the Amended Complaint purports to assert a claim pursuant to § 1983 for violation of Plaintiff's rights "to be free from an unlawful detention, unlawful imprisonment, to be secure in his person and property, and to due process" in violation of his Fourth, Fifth, and Fourteenth Amendment rights. (Am. Compl. ¶ 28.) "Section 1983 provides remedies for deprivations of rights

established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

### a. The Fourth Amendment

Count I of the Amended Complaint alleges that Defendants' conduct in holding Plaintiff at SCI Somerset after his maximum release date deprived him of his Fourth Amendment right to be secure in his person and property against unreasonable seizure. "However, the United States Supreme Court has held that the Fourth Amendment has no applicability to prison cells." Granberry v. Chairman of Pa. Bd. of Prob. & Parole, Civ. A. No. 07-272, 2010 WL 486593, at *4 (W.D. Pa. Feb. 05, 2010) (dismissing Granberry's claim that "'that being imprisoned well past the maximum sentence imposed . . . constituted an illegal seizure of [his] person under the 4th amendment to the United States Constitution'" (omission in original)) (quoting Hudson v. Palmer, 468 U.S. 517, 536 (1984), and citing Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001)), aff'd, 396 F. App'x 877 (3d Cir. 2010). We therefore conclude that Plaintiff cannot assert a plausible § 1983 claim for violation of his Fourth Amendment rights based upon his detention at SCI Somerset after his maximum release date. Defendant's Motion is, consequently, granted as to Plaintiff's claim in Count I that Defendants violated his Fourth Amendment right to be secure in his person and property from unreasonable seizure.

b.        The Fifth Amendment

Count I of the Amended Complaint also alleges that Defendants' conduct in holding Plaintiff at SCI Somerset after his maximum release date deprived Plaintiff of his liberty without due process in violation of the Fifth Amendment.  The due process clause of the Fifth Amendment, however, "only protects against federal governmental action and does not limit the actions of state officials. Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2011) (citing Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997)); see also Nguyen v. United States Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the fifth amendment restrict only federal governmental action . . . ." (citing Public Utils. Comm'n v. Pollak, 343 U.S. 451, 461 (1952))).  All of the Defendants are state officials.  (Am. Compl. ¶¶ 5-8.)  We conclude, accordingly, that Plaintiff cannot assert a plausible § 1983 claim for violation of his Fifth Amendment rights based upon his detention at SCI Somerset after his maximum release date.  Defendant's Motion is therefore granted as to Plaintiff's claim in Count I that Defendants deprived him of his liberty without due process in violation of the Fifth Amendment.

c.        The Fourteenth Amendment

Count I of the Amended Complaint further alleges that Defendants' conduct in holding Plaintiff at SCI Somerset after his maximum release date deprived Plaintiff of his liberty without due process, in violation of the Fourteenth Amendment.  Count I does not specifically state whether Plaintiff is asserting a substantive or procedural due process claim with respect to his detention in excess of his maximum release date.  Since the Amended Complaint contains no assertion that the procedures available to the Plaintiff failed to provide due process of law, we conclude that Plaintiff

intended to assert a substantive due process claim in Count I.[4]

To the extent that Plaintiff seeks to assert a substantive due process claim under the Fourteenth Amendment, such a claim is barred by the "'more-specific-provision rule.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998)). "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Id. (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)). "The Eighth Amendment protects convicted individuals from 'cruel and unusual punishments,' and the Third Circuit has recognized a cause of action under this provision for prisoners detained past their scheduled release date." Davis v. Pa. Bd. of Prob. & Parole, Civ. A. No. 05-330J, 2006 WL 3308440, at *7 (W.D. Pa. Oct. 13, 2006) (citing Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989), and Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993)). The Third Circuit has explained that, "there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." Sample, 885 F.2d at 1108 (citing Hutto v. Finney, 437 U.S. 678, 685 (1978), and Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*)). Detention beyond one's maximum release date may be cruel and unusual if it is "totally without penological justification." Id. (quotation omitted). We have therefore analyzed Count I as if it asserted a claim for violation

---

[4]To state a claim under § 1983 for a state actor's failure to provide procedural due process under the Fourteenth Amendment, a plaintiff must allege: (1) an interest that is encompassed within the Fourteenth Amendment's "'protection of life, liberty, or property;'" and (2) that the procedures available to the plaintiff did not provide "'due process of law.'" Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (quoting Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984)). The Amended Complaint does not assert that the procedures available to the Plaintiff failed to provide "due process of law." Id.

of Plaintiff's rights under the Eighth Amendment.

The Third Circuit has instructed that, in order to state a viable Eighth Amendment claim for "incarceration without penological justification," a complaint must allege facts that would demonstrate the following three elements:

> (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. Relevant circumstances in assessing these factors are the scope of the official's duties and the role the official played in the life of the prison.

Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample, 885 F. 2d at 1110).

Defendants argue that Count I should be dismissed because the Amended Complaint does not allege that they were each personally involved in the violation of Plaintiff's constitutional rights. The Third Circuit has explained that "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (alteration in original) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Defendants contend that the Amended Complaint does not allege that they had any personal involvement in, or contemporaneous personal knowledge of, Plaintiff's imprisonment after his maximum release date and, therefore, Count I fails to state a §1983 claim against them upon which relief may be granted.

The Amended Complaint alleges that Plaintiff notified each of the Defendants of his

continued, unlawful, incarceration past his maximum release date through the filing of four inmate communication forms addressed to Defendants. (Am. Compl. ¶ 18.) The Amended Complaint also alleges that, despite their contemporaneous knowledge that Plaintiff was being held at SCI Somerset after his maximum release date, Defendants took no action to obtain his release. (Id. 19.) Drawing all reasonable inferences in favor of Plaintiff, we find that the Amended Complaint alleges two of the three elements of a claim for incarceration without penological justification: (1) that each Defendant had knowledge that Plaintiff was being held after his maximum release date "and thus of the risk that unwarranted punishment was being . . . inflicted;" and (2) that each Defendant "failed to act . . . indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight." Montanez, 603 F.3d at 252.  However, the Amended Complaint does not address the scope of each of Defendant's duties and the role each Defendant played in the life of the prison. The Amended Complaint also lacks any allegations of fact regarding each Defendant's authority or ability to address the alleged violation of Plaintiff's Constitutional rights.  Consequently, the Amended Complaint does not allege any facts that would demonstrate the third element of a claim of incarceration without penological justification, i.e., the causal connection between each Defendant's failure to act and Plaintiff's continued unjustified detention. Id. We therefore conclude that Count I of the Amended Complaint fails to state plausible claim for violation of Plaintiff's Eighth Amendment rights upon which relief may be granted and grant the Motion to Dismiss as to this claim.

        3.     Plaintiff's State Law Claim

Defendants argue that Plaintiff's state law claim for false arrest and false imprisonment should be dismissed because it is barred by sovereign immunity under state law. Defendants rely

on 1 Pa. Cons. Stat. Ann. § 2310, which provides that officials and employees of the Commonwealth, "acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except where the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. Ann. § 2310. Therefore, "[s]overeign immunity 'protects the Commonwealth and Commonwealth parties from suit unless the cause of action falls within one of several statutory exceptions, or the individual's conduct falls outside the scope of his employment.'" Bolden v. Pa. Bureau of Prisons, Civ. A. No. 11-0467, 2011 WL 4974489, at *4 (E.D. Pa. Oct. 19, 2011) (quoting Wesley v. Hollis, Civ. A. No. 03–3130, 2007 WL 1655483, at *14 (E.D. Pa. June 6, 2007)). The General Assembly has waived sovereign immunity and consented to suit only with respect to claims for damages arising from: (1) "[v]ehicle liability;" (2) "[m]edical-professional liability;" (3) "[c]are, custody or control of personal property;" (4) "Commonwealth real estate, highways and sidewalks;" (5) "[p]otholes and other dangerous conditions;" (6) "[c]are, custody or control of animals;" (7) "[l]iquor store sales;" (8) "National Guard activities;" and (9) "[t]oxoids and vaccines." 42 Pa. Cons. Stat. Ann. § 8522(b). These exceptions to sovereign immunity are "strictly construed and narrowly interpreted." Brown v. Blaine, 833 A. 2d 1166, 1173 (Pa. Commw. Ct. 2003) (citing Bufford v. Pa. Dep't of Transp., 670 A.2d 751 (Pa. Commw. Ct. 1996))).

Defendants argue that they are immune from suit for false arrest and false imprisonment because those claims are not included within the nine exceptions to sovereign immunity listed in § 8522(b). Defendants are correct that Commonwealth employees acting within the scope of their employment are immune from suit for false arrest and false imprisonment pursuant to § 8522(b). See Brown v. Lewis, Civ. A. No. 10-2050, 2011 WL 1584059, at *5 (E.D. Pa. Apr. 27, 2011) (noting

14

that none of the exceptions to sovereign immunity apply to a false imprisonment claim (citing 42 Pa. Cons. Stat. Ann. § 8522(b)); Shoop v. Dauphin Cnty., 766 F. Supp. 1327, 1333-34 (M.D. Pa. 1991), aff'd, 945 F. 2d 396 (3d Cir. 1991) (stating that state trooper was immune from claim for false imprisonment under state law because he was acting in the scope of his employment and false imprisonment was not one of the exceptions listed in § 8522(b)); and Borosky v. Commonwealth, 406 A. 2d 256, 257 (Pa. Commw. Ct. 1979) (holding that state law false arrest claim arising from actions of three state troopers was barred by sovereign immunity because none of the exceptions listed in § 8522(b) applied).

Plaintiff's state law false arrest and false imprisonment claims are consequently barred by § 8522(b) unless the Amended Complaint alleges facts that would establish that Defendants were acting outside of the scope of their employment with respect to the conduct underlying Plaintiff's state law claim. "In determining whether an act occurred within the scope of employment, the Pennsylvania Superior Court has adopted the standard set forth in the Restatement (Second) of Agency § 228 . . . ." Bowman v. Reilly, Civ. A. No. 09-1322, 2009 WL 1636021, at *3 (E.D. Pa. June 10, 2009) (citing Butler v. Flo-Ron Vending Co., 557 A.2d 730, 736 (Pa. Super. Ct. 1989)).[5]

According to § 228, an employee's conduct is within the scope of his or her employment "'only if: (a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master . . . .'" Brumfield v. Sanders, 232 F. 3d 376, 380 (3d Cir. 2000) (alterations in original) (quoting Restatement (Second) of Agency § 228). Moreover, actions that were not authorized by

---

[5]The Third Circuit has predicted that the Pennsylvania Supreme Court will adopt § 228 of the Restatement (Second) of Agency. Bowman, 2009 WL 1636021, at *3 (citing Aliota v. Graham, 984 F.2d 1350, 1358 (3rd Cir. 1993)).

the employer may still be within the scope of employment "if they are clearly incidental to the master's business." Shuman Estate v. Weber, 419 A. 2d 169, 173 (Pa. Super. Ct. 1980) (citations omitted).

Defendants argue that Plaintiff's state law claim for false arrest and false imprisonment is barred because any actions they took, or failed to take, in connection with Plaintiff's imprisonment after his maximum release date fell within the scope of their employment. The Amended Complaint makes the following allegations with respect to Defendants' conduct regarding Plaintiff's imprisonment after his Court ordered maximum release date: (1) Defendants "failed to take any corrective action or to prevent further violations of [Plaintiff's] Constitutional Rights[;]" (2) Defendants "knew or should have known that they were without authority to detain, and imprison [Plaintiff], in direct violation of the Court Order[;]" (3) Defendants "failed to protect [Plaintiff] against his unlawful incarceration, even after numerous notices . . . of the unlawful conduct[;]" (4) Defendants "failed to take corrective action to limit the Constitutional deprivations suffered by [Plaintiff;]" and (5) Defendants "acted at all relevant times outside of their course and scope of employment and appointed positions." (Id. at ¶¶ 19, 21-24.) Plaintiff argues that this conduct fell outside the scope of each Defendant's employment because their actions, which he characterizes as violating court orders, acting contrary to court decisions, and falsely arresting and imprisoning individuals, cannot be within the scope of Defendants' employment, was not authorized by their employment, and was not actuated by a purpose of their employment.

Notwithstanding Plaintiff's characterization of the manner in which the Amended Complaint describes Defendants' conduct, when stripped of its legal conclusions, the Amended Complaint simply alleges that Defendants kept Plaintiff imprisoned. We cannot conclude that keeping an

inmate imprisoned is not the kind of conduct these employees were employed to perform. Moreover, the Amended Complaint does not allege any facts that would support the proposition that Defendants' actions occurred outside the authorized time and space limits of their employment. Furthermore, "[n]othing in the amended complaint suggests that [Defendants] had a personal motive for their actions. Thus, it would appear that their actions were motivated, at least in part and perhaps in whole, to serve the employer." Robus v. Pa. Dep't of Corrs., Civ. A. No. 04-2175, 2006 WL 2060615 at *9 (E.D. Pa. July 20, 2006) (dismissing claims for assault and battery brought against prison guards and the superintendent because their actions took place within the scope of their employment); see also Maclean v. Secor, 876 F. Supp. 695, 705 (E.D. Pa. 1995) (stating that prison guards acted within the scope of their employment when they threatened an inmate because their "conduct was at least in part actuated by the desire to promote prison security, and was thus in furtherance of their employer's interest.").

We therefore conclude that the Amended Complaint does not allege any facts that would support Plaintiff's position that Defendants' conduct with respect to his imprisonment past his maximum release date took place outside the scope of their employment. Since Plaintiff's state law claim for false arrest and false imprisonment do not fall within any of the exceptions to sovereign immunity listed in 42 Pa. Cons. Stat. Ann. § 8522(b), we further conclude that Plaintiff's state law claim is barred by sovereign immunity pursuant to 1 Pa. Cons. Stat. Ann. § 2310. Defendants' Motion to Dismiss is, accordingly, granted as to Plaintiff's state law claim for false arrest and false imprisonment in Count II.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for improper venue pursuant

to Rule 12(b)(3) is denied, as is Defendant's alternate request that venue should be transferred to the Middle or Western Districts of Pennsylvania. Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) is granted.

When we dismiss a civil rights case pursuant to Rule 12(b)(6), we must allow the plaintiff to file an amended complaint, "unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citation omitted).

Since Plaintiff cannot bring claims pursuant to § 1983 for violation of his rights under the Fourth Amendment, Fifth Amendment, or the substantive due process clause of the Fourteenth Amendment in connection with his continued incarceration after his maximum release date, amendment of Count I to assert such claims would be futile and Count I of the Amended Complaint is dismissed with prejudice to the extent that it asserts violations of Plaintiff's rights under the Fourth Amendment, Fifth Amendment and the substantive due process clause of the Fourteenth Amendment. However, because the Third Circuit has recognized that a prisoner held without penological justification may assert a claim for violation of his Eighth Amendment right against cruel and unusual punishment, Plaintiff may file a second amended complaint that alleges facts sufficient to support a plausible § 1983 claim for violation of his Eighth Amendment right to be free of cruel and unusual punishment. On the other hand, Plaintiff's state law claim for false arrest and false imprisonment is barred by sovereign immunity under state law. Amendment of that claim

would therefore be futile and we dismiss Count II with prejudice.

Plaintiff may file a second amended complaint within 20 days asserting a § 1983 claim for violation of his Eighth Amendment right to be free of cruel and unusual punishment arising from his detention at SCI Somerset after his maximum release date.  Defendants may file a motion to dismiss for lack of venue with respect to the second amended complaint if the facts support such a motion.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.