IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY LEE BOSOLD | : | CIVIL ACTION |
| v. | : | |
| WARDEN, SCI-SOMERSET, ET AL. | : | NO. 11-4292 |

## MEMORANDUM

**Padova, J.**                                                          January 28, 2013

Plaintiff Jeffery Lee Bosold brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights arising from his incarceration at SCI Somerset after his maximum release date. He asserts claims against the Warden of SCI Somerset, the Secretary of the Pennsylvania Department of Corrections, the Secretary of the Pennsylvania Board of Probation and Parole, and an unidentified number of John and Jane Does who are employed at SCI Somerset. The Warden of SCI Somerset, the Secretary of the Pennsylvania Department of Corrections, and the Secretary of the Pennsylvania Board of Probation and Parole (collectively the "Defendants"), have filed a Motion to Dismiss Plaintiff's Second Amended Complaint (the "Complaint") or, in the alternative, for a more definite statement. For the following reasons, the Motion is denied.

### I. BACKGROUND

The Complaint alleges the following facts. On December 29, 2005, Plaintiff was convicted of statutory sexual assault in the Berks County Court of Common Pleas and was sentenced to six to twenty-three months of imprisonment, followed by three years of probation. (Compl. ¶ 10.) He was released from prison on June 8, 2006. (Id. ¶ 11.) He violated his probation and was sent back to prison on October 24, 2006. (Id. ¶ 12.) One year later, on

October 24, 2007, he was resentenced on the probation violation to one to five years of imprisonment, followed by five years of probation. (Id. ¶ 13.) Plaintiff was again resentenced on the violation on February 25, 2008, and this time his sentence consisted of three years of imprisonment, followed by five years of probation. (Id. ¶¶ 14-15.) He was also given credit for 736 days of time served, leaving only 359 additional days of imprisonment on his three year maximum sentence, which should have resulted in a release date no later than February 19, 2009. (Id. ¶¶ 15-16.)

Plaintiff was not released on February 19, 2009. (Id. ¶ 17.) He subsequently filed at least four inmate communication forms to alert Defendants and Employee Doe(s) that he should have been released on February 19, 2009. (Id. ¶ 18.) Defendants failed to take any action in response to these communications, and Plaintiff was not released until October 25, 2009. (Id. ¶¶ 21, 24-25.) The Complaint asserts one claim against Defendants and Employee Doe(s) in their individual capacities pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Eighth Amendment (Count I) and one claim against Defendants and Employee Doe(s) in their individual capacities for violation of his right to procedural due process under the Fourteenth Amendment (Count II).

Plaintiff has filed two previous complaints asserting claims pursuant to 42 U.S.C. § 1983, alleging that he was incarcerated past his maximum release date. Plaintiff filed his first complaint *pro se* on July 13, 2011. He later obtained counsel, who filed an Amended Complaint on his behalf on July 28, 2011. Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) (lack of venue) and 12(b)(6) (failure to state a claim upon which relief may be granted), or, in the alternative, to transfer this

action to the Western or Middle District of Pennsylvania. We denied the Motion to Dismiss for improper venue pursuant to Rule 12(b)(3) as well as Defendant's alternate request that venue should be transferred to the Middle or Western District of Pennsylvania. We granted the Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), but also granted Plaintiff leave to file a second amended complaint that alleges facts sufficient to state a plausible § 1983 claim for violation of his Eighth Amendment right to be free of cruel and unusual punishment.

Defendants have filed the instant Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. THE MOTION TO DISMISS

Plaintiff has asserted claims for violation of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) on the following grounds: (1) the statute of limitations has run on Plaintiff's claims; (2) the Complaint does not allege that any of the Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights;[1] (3) the Complaint does not allege sufficient facts to state a claim for violation of Plaintiff's Eighth Amendment rights; and (4) the Complaint does not allege facts necessary to state a claim for violation of Plaintiff's Fourteenth Amendment procedural due process rights.

A.  **Statute of Limitations**

Defendants argue that both of Plaintiff's claims should be dismissed because they are barred by the applicable statute of limitations. Section 1983 does not contain a specific provision regarding the time within which an action pursuant to that statute may be brought. See 42 U.S.C. § 1983. Consequently, federal courts apply the statute of limitations governing suits for personal injury in the state in which the action arises. City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5 (2005) (citing Wilson v. Garcia, 471 U.S. 261, 275 (1985), and Owens v. Okure, 488 U.S. 235, 240-41 (1989)); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (citations omitted). In Pennsylvania, the limitations period for a personal injury claim is two years. See 42 Pa. Cons. Stat. Ann. § 5524(2); see also Reyes v.

---

[1]Defendants' argument that the Complaint fails to allege that each of them was personally involved in the alleged violations of Plaintiff's constitutional rights is intertwined with Defendants' arguments that the Complaint does not allege sufficient facts to support claims for violations of Plaintiff's Eighth and Fourteenth Amendment rights. Thus, we analyze Defendants' argument regarding the paucity of factual allegations of their personal involvement with their other arguments directed to the sufficiency of Plaintiff's Eighth and Fourteenth Amendment claims.

Sauers, 453 F. App'x 138, 139 (3d Cir. 2011) ("Pennsylvania's two-year personal injury statute of limitations applies to [plaintiff's] § 1983 action." (citing Sameric Corp., 142 F.3d at 599)).

Generally, the statute of limitations is not an appropriate ground for a motion to dismiss brought pursuant to Rule 12(b)(6), and an exception is made only "'where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.'" Budzash v. Howell Twp., 451 F. App'x 106, 109 (3d Cir. 2011) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)). "Statute of limitations issues normally implicate factual questions . . . therefore, a defendant bears a heavy burden in seeking to establish as a matter of law that the challenged claims are barred." Bionix Dev. Corp. v. Sklar Corp., Civ. A. No. 07-4465, 2009 WL 3353154, at *5 (E.D. Pa. Oct. 14, 2009) (citing Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 498 (3d Cir. 1985)).

Generally, a cause of action accrues, and the statute of limitations begins to run, "'when the plaintiff knew or should have known of the injury upon which its action is based.'" Muhammad v. Court of Common Pleas of Allegheny Cnty., 483 F. App'x 759, 761-62 (3d Cir. 2012) (quoting Sameric Corp., 142 F.3d at 599). Defendants argue that the statute of limitations ran prior to the filing of the Complaint in this case because Plaintiff did not file the instant action until July 1, 2011, more than two years after his alleged February 19, 2009 maximum release date.[2] Plaintiff argues that this action was timely filed pursuant to the continuing violations doctrine.

---

[2]Plaintiff initiated this action with the filing of an application to proceed *in forma pauperis* on July 1, 2011. His first, *pro* se, complaint was filed on July 13, 2011, after his application to proceed *in forma pauperis* was granted.

"The continuing violations doctrine is an 'equitable exception to the timely filing requirement.'" Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)). Consequently, if the Defendants' conduct "'is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.'" Id. (quoting Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)). The continuing violations doctrine will not apply, however, unless the plaintiff establishes that "'the defendant's conduct is more than the occurrence of isolated or sporadic acts.'" Budzash, 451 F. App'x at 109 (quoting Cowell, 263 F.3d at 292). The Third Circuit has instructed that we consider the following three factors in determining whether the doctrine applies: (1) "'whether the violations constitute the same type of discrimination;'" (2) "'whether the acts are recurring or more in the nature of isolated incidents;'" and (3) "'whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.'" Id. at 109-10 (quoting Cowell, 263 F.3d at 292).

The Complaint alleges that Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights between February 19, 2009 and October 25, 2009, by holding Plaintiff past his maximum release date, by ignoring each of the four inmate communication forms that he filed during that time period in order to make notify Defendants that he was being held past his maximum release date, and by failing to take action to effectuate his release, even though each of the Defendants had a responsibility to take action to assist Plaintiff when they were notified that

7

he was being imprisoned unlawfully. (See Compl. ¶¶ 5-8, 17-18, 21-25.) The Complaint alleges actions and failures to act on the part of Defendants that constitute the same type of discrimination; those actions and failures to act continued throughout a six month period and, therefore, were not isolated incidents; and, since none of Defendants responded to Plaintiff's communications or denied his requests to be released since he was being held past his maximum release date, their failures to act did not have a degree of permanence which should have triggered Plaintiff's awareness of and duty to assert his rights. The alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights ended on October 29, 2009, when he was finally released. October 29, 2009 is less than two years prior to the date on which Plaintiff initiated this action. The Complaint thus alleges fact that, if true, would establish that the Defendants' conduct was part of a continuing practice, the last act of which fell within the limitations period, thus triggering the application of the continuing violations doctrine. See Budzash, 451 F. App'x at 109-10 (quoting Cowell, 263 F.3d at 292). We conclude, therefore, that Defendants have failed to satisfy their heavy burden of demonstrating that the Complaint "facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Id. at 109 (quoting Oshiver, 38 F.3d at 1384 n.1); see also Bionix, 2009 WL 3353154, at *5. The Motion to Dismiss is, therefore, denied as to Defendants' argument that Plaintiff's claims are barred by the statute of limitations.

  **B.** **The Eighth Amendment Claim**

"The Eighth Amendment protects convicted individuals from 'cruel and unusual punishments,' and the Third Circuit has recognized a cause of action under this provision for prisoners detained past their scheduled release date." Davis v. Pa. Bd. of Prob. & Parole, Civ. A.

No. 05-330J, 2006 WL 3308440, at *7 (W.D. Pa. Oct. 13, 2006) (citing Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989), and Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993)). The Third Circuit has explained that "there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." Sample, 885 F.2d at 1108 (citing Hutto v. Finney, 437 U.S. 678, 685 (1978), and Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*)). Detention beyond one's maximum release date may be cruel and unusual if it is "totally without penological justification." Id. (quotation omitted).

The Third Circuit has instructed that, in order to state a viable Eighth Amendment claim for "incarceration without penological justification," a complaint must allege facts that would demonstrate the following three elements:

> (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. Relevant circumstances in assessing these factors are the scope of the official's duties and the role the official played in the life of the prison.

Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample, 885 F. 2d at 1110).

Defendants argue that Count I should be dismissed because the Complaint does not allege that they were each personally involved in the violation of Plaintiff's constitutional rights. The Third Circuit has explained that a "'defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (alteration in original) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

9

1988)). Defendants contend that the Complaint does not allege that they had any personal involvement in, or contemporaneous personal knowledge of, Plaintiff's imprisonment after his maximum release date and, therefore, Count I fails to state a § 1983 claim against them upon which relief may be granted.

The Complaint alleges that each Defendant was responsible for "ensuring that prisoners' rights are not being violated," "ensuring that Court Orders are complied with" and "responding to legal issues involving the inmates," including, but not limited to, "inmate communication forms, where an inmate is being held unlawfully . . . including where an inmate is kept beyond his/her release date." (Compl. ¶¶ 5, 6, 7.) The Complaint further alleges that each of the Defendant's duties includes: "forwarding any sentencing calculation issue, civil rights deprivation or constitutional violation, for which he does not have sufficient power to rectify, to the appropriate employee of the Commonwealth . . . ." (Id. ¶¶ 5, 6, 7.) The Complaint further alleges that, on four separate occasions, Plaintiff filed inmate communication forms to alert each of the Defendants to the fact that he was being held beyond his maximum release date and requested their assistance to obtain his release. (Id. ¶ 18.) The Complaint also alleges that none of the Defendants responded to Plaintiff's inmate communications or took any action to assist Plaintiff or to prevent further violations of Plaintiff's constitutional rights, even after they were notified that he was being held beyond his maximum release date. (Id. ¶¶ 21-24.)

We conclude that the Complaint alleges sufficient facts to give the Defendants fair notice of Plaintiff's Eighth Amendment claim and the grounds upon which it rests. Twombly, 550 U.S. at 555. The Complaint alleges facts that, if true, would demonstrate that Plaintiff notified Defendants of the ongoing violation of his Eighth Amendment right to be protected from

"incarceration without penological justification," Sample, 885 F.2d at 1108, that Defendants thus had knowledge of his situation and the risk that unwarranted punishment was being inflicted upon him, and that Defendants each failed to take any action to assist Plaintiff, even though each Defendant had the responsibility to do so. Thus, the Complaint alleges a causal connection between each Defendant's failure to act and Plaintiff's unjustified detention. See Evancho, 423 F.3d at 353. We further conclude, accordingly, that the Complaint alleges sufficient facts to state a § 1983 claim for violation of Plaintiff's Eighth Amendment rights that is plausible on its face. Iqbal, 556 U.S. at 678. The Motion to Dismiss is, therefore, denied as to Plaintiff's § 1983 claim for violation of his Eighth Amendment right against cruel and unusual punishment in Count I of the Complaint.

### C. The Procedural Due Process Claim

The Fourteenth Amendment states in pertinent part: "nor shall any state deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. "Under the fourteenth amendment, a state may not authorize the deprivation of a protected liberty or property interest without providing a procedure in connection with that deprivation that meets the requirements of due process." Sample, 885 F.2d at 1114 (citations omitted). Consequently, "when a policymaking official establishes a constitutionally inadequate state procedure for depriving people of a protected interest and someone is thereafter deprived of such an interest, the official has 'subjected' that person to a due process violation." Id. (citations omitted)

Defendants argue that Plaintiff's procedural due process claim should be dismissed because the Pennsylvania Department of Corrections' grievance procedure provides an adequate

post-deprivation remedy and the Complaint does not allege that Plaintiff filed a grievance.[3] To state a claim under § 1983 for a state actor's failure to provide procedural due process under the Fourteenth Amendment, a plaintiff must allege: (1) an interest that is encompassed within the Fourteenth Amendment's "'protection of life, liberty, or property;'" and (2) that the procedures available to the plaintiff did not provide "'due process of law.'" Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (quoting Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984)).

The factual allegations of the Complaint satisfy the first of those factors, as the Complaint alleges that Plaintiff was deprived of his liberty because he was incarcerated beyond his maximum release date. (Compl. ¶¶ 17-25.) The Complaint also alleges that each of the Defendants is responsible for enacting or authorizing procedures and policies for inmates who are unlawfully held, including those held past their release dates, to seek redress for the violation of their constitutional rights, i.e., the inmate communication forms. (Id. ¶¶ 5, 6, 7.) The Complaint further alleges that Plaintiff took advantage of the procedures available to him as a wrongfully incarcerated prisoner being held beyond his release date, by filing at least four inmate communications forms addressed to Defendants to alert them that he was being held beyond his release date. (Id. ¶ 18.) The Complaint also alleges that the procedures enacted or authorized by

---

[3]Defendants rely on Durham v. Dep't of Corrs., 173 F. App'x 154 (3d Cir. 2006), in which the Third Circuit noted that an "unauthorized intentional deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy is available for the loss" and that the "Pennsylvania Department of Corrections' grievance procedure provides an adequate post-deprivation remedy" for the loss of property. Id. at 157 (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984) and Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)). Durham does not, however, mandate the dismissal of Plaintiff's Fourteenth Amendment procedural due process claim as this case does not concern the deprivation of Plaintiff's property, and the Complaint alleges that the post-deprivation remedy made available to Plaintiff, namely the filing of inmate communication forms, was inadequate.

12

Defendants were inadequate for wrongfully incarcerated prisoners to alert officials to their plight and that Defendants "failed to establish a system by which Mr. Bosold could effectively challenge the computation of his sentence." (Id. ¶¶ 19-20.) The Third Circuit has held that "'procedural due process requires that an inmate with a challenge to the calculation of his release date promptly be listened to by someone having authority to decide the challenge or pass it on for further review and decision.'" Simmons v. Doe, Civ. A. No. 10–4570, 2011 WL 4458131, at *8 (D.N.J. Sept. 23, 2011) (quoting Sample, 885 F.2d at 1115, and citing Haygood, 769 F.2d at 1356). We conclude that the Complaint plausibly alleges that Plaintiff was deprived of his Fourteenth Amendment liberty interest; that the procedures available to him did not provide due process of law because the available procedures did not result in anyone with authority promptly responding to Plaintiff's inmate communications by deciding Plaintiff's challenge to his continued detention or passing his challenge on to someone else for further review and decision; and that Defendants were responsible for authorizing and enacting those inadequate procedures. See Alvin, 227 F.3d at 116, Simmons, 2011 WL 4458131, at *8. We further conclude, accordingly, that the Complaint alleges sufficient facts to state a claim for violation of Plaintiff's Fourteenth Amendment right to procedural due process that is plausible on its face. The Motion to Dismiss is, therefore, denied as to Plaintiff's § 1983 claim for violation of his Fourteenth Amendment right to procedural due process in Count II of the Complaint.

## IV.  MOTION FOR A MORE DEFINITE STATEMENT

Defendants ask, in the alternative, that we order the Plaintiff to file a more definite statement of his claim pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Defendants argue that they cannot prepare a responsive pleading in this case because the Complaint does not contain important information about the inmate communication forms that Plaintiff filed.  Defendants specifically seek the following information: (1) the dates on which Plaintiff filed the inmate communications; (2) where and with whom Plaintiff filed the inmate communications; and (3) the identities of the individuals to whom the inmate communications were addressed.  Defendants also note that the Complaint does not specifically allege that they received the inmate communications and does not identify any of the Defendants by name.

"Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011) (quoting Hughes v. Smith, Civ. A. No. 03–5035, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)).  "Therefore, 12(e) motions will be granted only 'if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" Id. (citing S.E.C. v. Saltzman, 127 F. Supp. 2d 660, 667 (E.D. Pa. 2000)).  A motion for more definite statement is "'used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.'" Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (quoting Frazier v. SEPTA, 868 F. Supp. 757, 763 (E.D. Pa. 1994), and citing Country Classics, 780 F. Supp. 2d at 371).  Rule 12(e) is thus "'directed to the rare case where because of the vagueness or ambiguity of the pleading the

answering party will not be able to frame a responsive pleading.'" Id. (quoting Schaedler v. Reading Eagle Publ'n, Inc., 370 F. 2d 795, 798 (3d Cir. 1967)).

Defendants do not claim that the Complaint is unintelligible. Rather, they complain that the Complaint lacks certain specific details regarding the inmate communications filed by Plaintiff. Defendants can, of course, seek this information through discovery. We conclude that the Complaint is not so vague or ambiguous that Defendants cannot frame responsive pleadings. See Pozarlik v. Camelback Assocs., Inc., Civ. A. No. 11–1349, 2012 WL 760582, at *2 (M.D. Pa. Mar. 8, 2012) ("Granting a Rule 12(e) motion is appropriate only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.'" (quoting Sun Co. v. Badger Design & Constructors, 939 F. Supp. 365, 368 (E.D. Pa. 1996))). Defendants' request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is, therefore, denied.

## V.     CONCLUSION

For the reasons stated above, Defendants' "Motion to Dismiss the Second Amended Complaint or, Alternatively, Motion for a More Definite Statement" is denied. An appropriate order follows.

BY THE COURT:

**/s**/ John R. Padova

_____

John R. Padova, J.